UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DOUGLAS B. STALLEY, on behalf of the United States of America, | ) ) ) | |
| v. | ) ) | Case No. 2:06-CV-216 |
| MOUNTAIN STATES HEALTH ALLIANCE, et al., | ) ) ) ) | |
| and | ) ) | Chief Judge Curtis L. Collier |
| DOUGLAS B. STALLEY, on behalf of the United States of America, | ) ) ) | |
| v. | ) ) | Case No. 2:06-CV-217 |
| WELLMONT HEALTH SYSTEM, et al. | ) ) ) | |

## MEMORANDUM AND ORDER

Before the Court is a report and recommendation ("R&R") by United States Magistrate Judge Dennis H. Inman, recommending Plaintiff Douglas B. Stalley and his attorney be ordered to pay the attorneys' fees and related expenses incurred by Defendants in these cases (Court File No. 64). Plaintiff has filed an objection to the R&R (Court File No. 65). Because the Magistrate Judge must resolve certain questions before this Court can act on the R&R, the Court **REMANDS** the case to the Magistrate Judge for further proceedings consistent with this opinion.

I.  **FACTUAL BACKGROUND**

Plaintiff—along with his partner in litigation, Erin Brockovich—filed numerous lawsuits in federal courts across the country, claiming the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b), was a *qui tam* statute entitling him to sue, as a private attorney general, healthcare

entities for failing to reimburse Medicare for expenses incurred. Without exception, the district courts rebuffed this novel legal claim and held Plaintiff lacked standing to assert it. *See, e.g., Brockovich v. Cmty. Med. Ctrs., Inc.*, 2007 WL 738691 (E.D. Cal. Mar. 7, 2007); *Stalley v. Delta Health Group, Inc.*, 2007 WL 220170 (M.D. Fla. Jan. 26, 2007); *Stalley v. Catholic Health Initiatives*, 458 F. Supp. 2d 958 (E.D. Ark. 2006). Undeterred, Plaintiff pursued his claims against five defendants in this Court, which consolidated the actions and dismissed Plaintiff's suit because he lacked Article III standing on which to assert his claims and failed to state a claim upon which relief could be granted. *Stalley v. Erlanger Health Sys.*, 2007 WL 672301 (E.D. Tenn. Feb. 28, 2007).

The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision of judgment, holding the MSP could not possibly be construed as a *qui tam* statute. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). Further, the Sixth Circuit determined sanctions against Plaintiff and his counsel were appropriate in light of Plaintiff's "utterly frivolous" claims which he had unsuccessfully advanced in other jurisdictions. *Id.* at 919. The Sixth Circuit entered an order instructing Plaintiff and his counsel to show cause why sanctions should not be imposed. *Id.* at 920. However, the Sixth Circuit required Plaintiff and his counsel have an opportunity for a hearing before sanctions could be imposed. *Id.*

After this Court had dismissed Plaintiff's suits, Defendants filed motions for sanctions. Following the appeal, on September 23, 2008, the Magistrate Judge issued an R&R recommending sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Court File No. 64). Specifically, the R&R recommended Plaintiff pay attorneys' fees and expenses of $152,472.36 to Wellmont Health System and $146,443.85 to Mountain States Health Alliance. Apparently, no

2

Case 2:06-cv-00216 Document 66 Filed 01/05/09 Page 2 of 6 PageID #: 300

hearing was conducted, on the calculation of attorneys' fees or any other matter. Plaintiff timely filed his objections (Court File No. 65). Defendants have not responded to the objections.

## II. STANDARD OF REVIEW

When objections are made to a magistrate judge's R&R, this Court reviews the R&R de novo. *See Massey v. City of Ferndale*, 7 F.3d 506, 509–10 (6th Cir. 1993) (mandating that R&Rs addressing post-dismissal motions for sanctions be reviewed de novo by the district court).

## III. DISCUSSION

Plaintiff raises three objections to the R&R: (1) the R&R erroneously concluded the Sixth Circuit's opinion in *Stalley* was the "law of the case" or otherwise controlling for Defendants' motions for sanctions; (2) the R&R erred if it concluded, independently of the Sixth Circuit's opinion, that Plaintiff should be sanctioned; and (3) the R&R erred in concluding Plaintiff did not question the reasonableness and legitimacy of Defendants' claimed fees and expenses. Additionally, Plaintiff and his counsel request a hearing on the sanctions issue.

### 1. Law of the Case

Plaintiff argues the Sixth Circuit's opinion does not constitute the law of the case because it referred only to the claims "before this court" (i.e., the Sixth Circuit), and because there was in fact legal authority to support the complaints Plaintiff filed.

"Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Subject to limited exceptions, "[t]he law of the case doctrine . . .

3

generally preclude[s] a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id.*

The Sixth Circuit made several findings vis-à-vis the claims Stalley asserted in this Court. It found "not even so much as a law review article, much less a case, supports Stalley's claim that the MSP is a *qui tam* statute, while numerous cases explicitly hold to the contrary." 517 F.3d at 919. It found "Stalley's claims before this court are utterly frivolous, and we are troubled that any attorney would elect to advance them." *Id.* at 919–20. And it found "Stalley and his attorneys have continued to pursue these claims against Appellees for an improper purpose." *Id.* at 920.

The Court is unpersuaded by Plaintiff's argument that because the Sixth Circuit referred to his claims "before this court" as utterly frivolous, it was referring only to the claims presented in the Sixth Circuit. The Sixth Circuit's opinion concerns itself with the entirety of Plaintiff's litigation, which he initiated in this Court, the Middle District of Tennessee, and the Western District of Tennessee. *Id.* at 914–15. The claims which the Sixth Circuit addressed were exactly those which Plaintiff presented in this Court, and nothing else in the Sixth Circuit's opinion indicates that, in recommending sanctions, it restricted itself only to those issues presented on appeal.

Plaintiff further presses the argument that legal authority did indeed support Plaintiff's complaints. That argument, however, was expressly foreclosed by the Sixth Circuit's opinion: "Stalley cited no legal authority for his contention that the MSP is a *qui tam* statute, and he has failed to persuade a single one of the many other courts in which he has raised this claim." *Id.* at 920. Plaintiff had numerous opportunities—as many opportunities, in fact, as complaints he filed—to demonstrate any legal authority supporting his argument that the MSP is a *qui tam* statute. Every district court to consider the issue, and the Sixth Circuit on appeal, found there was no such

authority. Given the utter lack of any interpretation supporting Plaintiff's position, this Court does not (and cannot) question the Sixth Circuit's findings regarding legal authority.

For these reasons, the Court denies Plaintiff's objection. The Sixth Circuit opinion constitutes the law of the case and is binding on any further proceedings.

### 2. R&R's Sanction Recommendation, Independent of Sixth Circuit's Holding

Plaintiff objects to the R&R to the extent it holds, independent of the Sixth Circuit's opinion, that sanctions are warranted in this case. The Sixth Circuit made clear that Stalley and his attorneys had to be afforded the opportunity to be heard before sanctions could be imposed. *Stalley*, 517 F.3d at 920. The record does not indicate any such hearing has taken place. Accordingly, this Court's reaching any conclusion about sanctions would be premature. This militates in favor of remand to the Magistrate Judge to conduct a hearing before making a recommendation concerning sanctions.

### 3. Plaintiff's Questioning of Defendants' Claimed Fees and Expenses

Plaintiff argues the R&R incorrectly stated Plaintiff did not question the legitimacy or reasonableness of the fees and expenses claimed by Defendants' counsel. After reviewing the record, and after consulting with the Magistrate Judge, the Court finds Plaintiff is correct. Plaintiff did request that Defendants provide, with specificity, the basis for their hours and fees expended (Court File No. 63, at 15–16). Accordingly, the Court will remand this issue for that determination.

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case for the Magistrate Judge to conduct a hearing to determine the appropriateness of sanctions and, if they are appropriate, how Defendants' fees were calculated.

5

SO ORDERED.

ENTER:

/s/_____
CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE