UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DOUGLAS B. STALLEY, on behalf of the United States of America, | ) ) ) | |
| v. | ) ) | Case No. 2:06-CV-216 |
| MOUNTAIN STATES HEALTH ALLIANCE, et al., | ) ) ) ) | |
| and | ) ) | Chief Judge Curtis L. Collier |
| DOUGLAS B. STALLEY, on behalf of the United States of America, | ) ) ) | |
| v. | ) ) | Case No. 2:06-CV-217 |
| WELLMONT HEALTH SYSTEM, et al. | ) ) ) | |

## MEMORANDUM

Before the Court are the motions for sanctions filed by the defendants in each of the cases (2:06-cv-216, Court File No. 48; 2:06-cv-217, Court File No. 47). On November 16, 2009, United States Magistrate Judge Dennis H. Inman filed a report and recommendations ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) (2:06-cv-216, Court File No. 109; 2:06-cv-217, Court File No. 98). Plaintiff Douglas Stalley ("Plaintiff") and the law firm of Wilkes & McHugh filed objections (2:06-cv-216, Court File No. 113; 2:06-cv-217, Court File No. 104) and Defendants Mountain States Health Alliance ("Mountain States") (2:06-cv-216, Court File No. 114) and Wellmont Health Systems, Inc. ("Wellmont") (2:06-cv-217, Court File No. 105) filed responses. For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (2:06-cv-216, Court File No. 109; 2:06-cv-217, Court File No. 98), will **GRANT** Defendants' motion for sanctions (2:06-cv-216, Court File No. 48; 2:06-cv-217, Court File No. 47), and will **ENTER JUDGMENT** against Plaintiff and

Wilkes & McHugh, jointly and severally, in the amount of $131,158.50 to Mountain States and $145,431.19 to Wellmont.

I. RELEVANT FACTS AND PROCEDURAL HISTORY

The Court incorporates the magistrate judge's recitation of the facts, to which objections have not been made, and only recounts the facts underlying the issues addressed in this Memorandum. Plaintiff—along with his partner in litigation, Erin Brockovich—filed numerous lawsuits in federal courts across the country, claiming the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b), was a *qui tam* statute entitling him to sue, as a private attorney general, healthcare entities for failing to reimburse Medicare for expenses incurred. Without exception, the district courts rebuffed this novel legal claim and held Plaintiff lacked standing to assert it. *See, e.g.*, *Brockovich v. Cmty. Med. Ctrs., Inc.*, 2007 WL 738691 (E.D. Cal. Mar. 7, 2007); *Stalley v. Delta Health Group, Inc.*, 2007 WL 220170 (M.D. Fla. Jan. 26, 2007); *Stalley v. Catholic Health Initiatives*, 458 F. Supp. 2d 958 (E.D. Ark. 2006). Undeterred, Plaintiff pursued his claims against five defendants in this Court, which consolidated the actions and dismissed Plaintiff's suit because he lacked Article III standing on which to assert his claims and failed to state a claim upon which relief could be granted. *Stalley v. Erlanger Health Sys.*, 2007 WL 672301 (E.D. Tenn. Feb. 28, 2007).

The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision of judgment, holding the MSP could not possibly be construed as a *qui tam* statute. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). Further, the Sixth Circuit determined sanctions against Plaintiff and his counsel were appropriate in light of Plaintiff's "utterly frivolous"

2

claims, which he had unsuccessfully advanced in other jurisdictions. *Id.* at 919. The Sixth Circuit determined Plaintiff and his attorneys pursued the claims "for an improper purpose" and the court could impose sanctions, after holding an evidentiary hearing and giving the parties an opportunity to be heard, under the court's inherent power. *Id.* at 920.

After this Court had dismissed Plaintiff's suits, Defendants filed motions for sanctions. Following the appeal, on September 23, 2008, the Magistrate Judge issued an R&R recommending sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (2:06-cv-216, Court File No. 64; 2:06-cv-217, Court File No. 65). Specifically, the R&R recommended Plaintiff pay attorney's fees and expenses of $152,472.36 to Wellmont and $146,443.85 to Mountain States. No hearing was conducted, on the calculation of attorneys' fees or any other matter. Since the Court concluded a hearing was necessary before sanctions could be imposed, the Court remanded the motion to Judge Inman 2:06-cv-216, Court File No. 66; 2:06-cv-217, Court File No. 67, who held a two-day evidentiary hearing and considered numerous filings by the parties before issuing the R&R that is the subject of this Memorandum.

## II.     STANDARD OF REVIEW

The Court conducts a de novo review of the portions of the report and recommendation to which objections are made, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## III.    DISCUSSION

Plaintiff objects to Judge Inman's conclusion sanctions should be imposed. Plaintiff also

3

objects to the amount of sanctions recommended by Judge Inman. Defendants did not object.

      **A.**     **Imposition of Sanctions**

Judge Inman recommended sanctions be imposed. Plaintiff contends sanctions cannot be imposed based solely on the court's inherent authority because he did not act in bad faith and relied on the legal advice of his counsel. In addition, the law firm argues sanctions are not warranted since the ruling from the Sixth Circuit adequately deterred it from filing additional similar suits.

Rule 11 provides for sanctions where a party files claims with no legal or evidentiary basis. Fed. R. Civ. P. 11(b), (c). A party who moves for sanctions must serve the offending party twenty-one days prior to filing the motion with the court. Fed. R. Civ. P. 11(c)(2). If the challenged conduct is withdrawn or corrected within the twenty-one day period, the motion for sanctions should not be filed. *Id.* Since a motion or filing cannot be withdrawn or corrected once the case has been judicially disposed, it follows "[a] party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to the conclusion of the case or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997). Defendants served their Rule 11 motions on February 14, 2007, and the Court dismissed the case on February 28, 2007. Therefore, sanctions cannot be imposed under Rule 11 in this case.

28 U.S.C. § 1927 allows a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to pay the excess costs caused by such conduct. The standard under § 1927 is objective and an attorney may be sanctioned for "less than subjective bad faith, but something more than negligence or incompetence." *Rentz v. Dynasty Apparel Indus. Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)) (internal quotation marks omitted). However, under §

4

1927, the imposition of sanctions is limited to an attorney and cannot be imposed on a represented party or a law firm. *Id.* n.6. Since the sanctions recommended by Judge Inman are imposed on Plaintiff, who is a represented party, and the law firm of Wilkes & McHugh, § 1927 cannot support the sanctions.

In addition to § 1927, the Court also has inherent power to "assess attorney's fees when a part has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)) (internal quotation marks omitted). The Sixth Circuit held Plaintiff and his law firm's actions constituted bad faith in this case. *Stalley*, 517 F.3d at 920. As stated by the Sixth Circuit:

> Without question, Stalley and his attorneys know that he has no standing to raise the claims he asserts against [Defendants]. Stalley cited no legal authority for his contention MSP is a *qui tam* statute, and he has failed to persuade a single one of the many other courts in which he has raised this claim. He cannot claim that he is arguing for a good-faith extension of the law because Congress must explicitly create *qui tam* statutes. . . . Therefore, we can come to only one conclusion: Stalley and his attorneys have continued to pursue these claims against [Defendants] for an improper purpose.

*Id.* (internal citations omitted). The Court previously determined the Sixth Circuit's findings regarded the entirety of the litigation and was not limited to the appeal (2:06-cv-216, Court File No. 66; 2:06-cv-217, Court File No. 67). Plaintiff and his law firm litigated in bad faith by filing frivolous lawsuits, which had no legal or factual basis. Plaintiff's contention he relied on his counsel is undermined by his actions and the finding by the Sixth Circuit he was acting as a "'self-appointed bounty hunter' whose goal, apparently, is to profit at the expense of [Defendants]." *Stalley*, 517 F.3d at 919 (internal citation omitted). As Judge Inman concluded, Plaintiff is a "professional plaintiff' and should be jointly and severally liable for any sanctions imposed. The record and the

5

Sixth Circuit's opinion demonstrate both Plaintiff and his law firm knew the claims they advanced were meritless and were filed for an improper purpose.

While "inherent powers must be exercised with restraint and discretion," *Chambers*, 501 U.S. at 44, the sanction of attorney's fees is appropriate for the conduct in this case. The Court finds Plaintiff and his law firm acted in bad faith and should be jointly and severally liable for attorney's fees based on the Court's inherent authority.

### B. Amount of Sanctions

Judge Inman recommended sanctions in the amount of $131,158.50 for the suit against Mountain States and sanctions in the amount of $145,431.19 for the suit against Wellmont. Plaintiff objects to awarding Mountain States and Wellmont the full amount of attorney's fees for the underlying litigation, asserting the amount is unreasonable. Mountain States does not object to the amount of sanctions, but disputes Plaintiff's characterization of the amount. Judge Inman refused to award Mountain States attorney's fees charged by the Jones Day law firm for preparing the motion for sanctions, deeming it "only slightly less offensive than the conduct of the plaintiff in filing this litigation." Plaintiff contends this Court should go further in finding Jones Day's billings excessive and unreasonable for the underlying litigation as well. According to Plaintiff, Jones Day over-billed both Mountain States and Wellmont for work on the cases.

Gary Miller, Senior Vice President of Legal Affairs and General Counsel for Wellmont, and Tim Beslisle, Vice President, Compliance Officer, and General Counsel for Mountain States, testified as to the reasonableness of Jones Day's billings for the defense of the underlying case. As outlined in the testimony, Jones Day was hired to defend against virtually identical complaints filed by Wilkes & McHugh across the country. Wellmont and Mountain States were among the last of

6

the defendants to hire Jones Day and agreed to share the cost of the earlier research into substantially identical claims made against other defendants. In doing so, Defendants saved the cost of hiring a law firm to do research already conducted by Jones Day in preparation for other suits. Jones Day billed Wellmont and Mountain States individually for work specific to their cases, but jointly billed all defendants for work that could be used in multiple cases. Plaintiff attacks this billing structure, arguing Jones Day billed excessive amounts of time to file motions that were virtually identical to those filed in earlier cases. As Defendants explained, however, the decision to hire Jones Day and agree to joint billing was reasonable and cost-effective because regardless of whether Jones Day had researched and prepared motions in similar cases, Defendants needed a law firm to research and prepare motions in their cases. To avoid needlessly duplicating research on identical claims, Defendants hired Jones Day and agreed to jointly pay for work Jones Day had already done for other clients. This does not make the attorney's fees unreasonable.

Plaintiffs also argue the amount of time billed on motions to dismiss was unreasonable if the claims were so frivolous as to merit sanctions. This ignores the different legal standards for filing claims, which requires only that claims have some basis in existing law or an extension of the law and some factual support for evidentiary assertions, and dismissing a case, which requires proving a negative. It is not unreasonable to expend substantial amounts of time and resources to prepare and draft a motion to dismiss, which, if successful, would halt the litigation before extensive discovery took place.

Finally, Plaintiffs contend the bills themselves are unreliable and Defendants failed to adequately review them. The testimony at the hearing demonstrates Gary Miller did not recall questioning specific items on the bills Wellmont received from Jones Day, but that he did review

7

them at the time. In addition, Edward K. Bilich, a partner with Jones Day explained the billing practices of the firm and testified about specific hours billed in the cases. After reviewing the record, the Court is satisfied the hours billed by Jones Day for the underlying lawsuit are reasonable.

Although the Court agrees with Judge Inman the amount of hours billed by Jones Day in preparation for a motion for sanctions, which was filed after the Sixth Circuit decided the relevant issues in the case, was excessive, the amount charged for the underlying litigations was reasonable. The Court finds the amount of sanctions imposed should attorney's fees in the amount of $131,158.50 to Mountain States and $145,431.19 to Wellmont.

## IV. CONCLUSION

As discussed above, the Court will **GRANT** the motions for sanctions under its inherent authority (2:06-cv-216, Court File No. 48; 2:06-cv-217, Court File No. 47), will **ACCEPT** and **ADOPT** the R&R (2:06-cv-216, Court File No. 109; 2:06-cv-217, Court File No. 98), and will **ENTER JUDGMENT** against Plaintiff and Wilkes & McHugh, jointly and severally, in the amount of $131,158.50 to Mountain States and $145,431.19 to Wellmont.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**